IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00073-BNB

TIMOTHY DOYLE YOUNG,

Plaintiff,

v.

UNITED STATES, and
BUREAU OF PRISONS,

Defendants.

---

**ORDER**

---

Plaintiff, Timothy Doyle Young, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at ADX in Florence, Colorado. On January 9, 2014, Mr. Young initiated this action by filing *pro se* a Civil Complaint.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court directed Mr. Young to cure deficiencies by filing his claims on the Court-approved form for use in prisoner cases and by submitting his request to proceed pursuant to 28 U.S.C. § 1915 on the approved form. Mr. Young also was directed to provide a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of this action. Because Mr. Young complained in the Civil Complaint that prison staff have failed to provide him with a certified account statement and to give him the Court-approved forms for filing actions in this Court, the Clerk of the Court was directed to send to Mr. Young the forms necessary to file a prisoner complaint and request leave to proceed pursuant to § 1915. The Court also directed the Warden at

ADX to submit a certified account statement based on Mr. Young's permission for the Court to obtain a statement from the BOP.

Inadvertently, the forms were not included with the January 9, 2014 Order to Cure Deficiencies mailed to Mr. young. To correct the error, the Court entered a minute order on January 30, 2014, directing the Clerk of the Court to mail the forms to Mr. Young. On January 29, 2014, the Court received Mr. Young's certified account statement.

Mr. Young now has submitted two requests to the Court. In the first request, Mr. Young asks that the Court to correct ECF No. 6 in the Docket because the entry states that Mr. Young submitted his account statement. Mr. Young contends that the prison has withheld account statements from him since 2007 and that the statement in ECF No. 6 is "perjury" by the Court. Mr. Young's request to revise the text of ECF No. 6 is denied. The entry is not perjurious. Mr. Young gave the Court permission to obtain his account statement from the BOP, *see* ECF No. 1 at 2, and the BOP provided the statement on his behalf.

Mr. Young's ongoing claim that prison staff will not provide him with account statements was addressed in *Young v. Wiley*, No. 07-cv-02240-BNB (D. Colo. Apr. 10, 2008). In that case, the BOP stated that if Mr. Young needs a certified account statement to provide to the Court he may make a photocopy of the statement or request that a member of the Unit Team make a copy for him. *See Young*, No. 07-cv-02240-BNB, Doc. No. 9 at 3. The Court found in 07-cv-02240 that Mr. Young's failure to follow BOP procedures does not merit waiver of the requirement that he provide a certified copy of his trust fund account statement to the Court.

Nonetheless, in view of Mr. Young's contention that the Court has "covered up" the BOP's failure to provide an account statement to him, the ADX Warden, or his designee, is directed to submit a statement regarding the current procedure for prisoners to obtain certified account statements. In addition, the Warden is directed to explain when Mr. Young requested a certified account statement, if any of his requests for a certified statement have been denied, and why any such request was denied.

In the second request, Mr. Young asks for a change of venue because of the Court's alleged misconduct in this case and in other cases over the last eight years. Mr. Young contends that the Court withheld forms from him and sent the wrong forms to him. Noting that Mr. Young alleges constitutes misconduct, and there is no basis for a change of venue. Mr. Young's request for a change of venue, ECF No. 10, will be denied.

Finally, Mr. Young provides no documentation that he has requested forms from BOP staff and his requests have been denied. However, the Court will direct the Warden, or his designee, to explain the procedure for prisoners to obtain Court-approved forms used in filing actions in this Court. The Warden also is directed to indicate whether Mr. Young has requested Court-approved forms for use in filing actions in this Court and if any of his requests for forms were denied and why. Accordingly, it is

ORDERED that Mr. Young's request for a correction of the record, ECF No. 9, and his request for change of venue, ECF No. 10, are denied. It is

FURTHER ORDERED that the ADX Warden, or his designee are directed to provide to Mr. Young the most recent Court-approved forms, including a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915, available on the Court's website at www.cod.uscourts.gov, and to notify the Court when the forms are provided to Mr. Young. It is

FURTHER ORDERED that Mr. Young shall have thirty days from the date the Court receives notice from the Warden, or other identified representative for the Warden, that the forms have been provided to Mr. Young to submit his claims on a proper Court-approved form used in filing a prisoner complaint and to provide a current Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Revised October 1, 2012). If Mr. Young fails to comply within the time allowed the action will be dismissed without further notice. It is

FURTHER ORDERED that the Warden, or his designee, shall **within fourteen days** of this Order explain the procedure prisoners must use to obtain certified account statements and Court-approved forms for filing in this Court; identify when Mr. Young has requested Court-approved forms and certified account statements for use in filing actions in this Court; and identify whether any of his requests were denied and, if so, why they were denied. It is

FURTHER ORDERED that Mr. Young shall have **fourteen days**, from the date the Warden responds, to reply. It is

FURTHER ORDERED that the Clerk of the Court shall send a copy of this Order to the Warden for the ADX facility at Florence, Colorado.

DATED March 3, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge