IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00073-BNB

TIMOTHY DOYLE YOUNG,

Plaintiff,

v.

UNITED STATES,

Defendant.

---

ORDER DISMISSING CASE
AND DIRECTING PLAINTIFF TO SHOW CAUSE
WHY SANCTIONS SHOULD NOT BE IMPOSED

---

Plaintiff, Timothy Doyle Young, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and currently is incarcerated at ADX in Florence, Colorado. On January 9, 2014, Plaintiff initiated this action by filing *pro se* a Civil Complaint. Magistrate Judge Boyd N. Boland reviewed the Complaint pursuant to D.C.COLO.LCivR 8.1(b) and directed Plaintiff to cure deficiencies by filing his claims and request to proceed pursuant to 28 U.S.C. § 1915 on Court-approved forms. Because Plaintiff complained that the BOP would not provide him with a trust fund account statement, and granted his permission to the Court to obtain the account statement, Magistrate Judge Boland requested that the Warden submit a certified account statement for Plaintiff.

On January 29, 2014, Plaintiff submitted an Amended Complaint but failed to use a Court-approved form. Also on January 29, an account statement was submitted by the BOP for Plaintiff. Plaintiff then complained, *see* ECF No. 10, about the docket entry that noted Plaintiff had submitted the account statement, asked that the entry be changed, and sought change of venue based on "judicial activism" and criminal conduct by this Court and the "entire Tenth Circuit," *id.* at 1. Magistrate Judge Boland denied both requests. Also, because Plaintiff claimed in the Amended Complaint, ECF No. 5, that BOP staff refuses to provide him Court-approved forms, Magistrate Judge Boland directed the Warden to explain the procedure for prisoners to obtain the forms used in filing actions in this Court and to indicate whether Plaintiff has requested these forms and if his requests for the forms were denied and why.

Before the Warden's response was due, Plaintiff filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41. *See* ECF No. 13. Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Defendant has not filed an answer in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* 8-41 James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The case, therefore, will be closed as of March 11, 2014, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507.

Nonetheless, the Court will review the Response submitted to the Court on

March 24, 2014, by the United States Attorney for Defendant. Attached to the Response is a Declaration of M. Amelia Weise, Legal Assistant at the Department of Justice, Federal Bureau of Prisons, at the Federal Correctional Complex, Florence Colorado. Ms. Weise attests that inmates send a written request to the Legal Services Department for Court-approved forms and that all of Plaintiff's requests for court forms, received by the Legal Services Department, have been granted and no requests have been denied. Resp., ECF No. 18-1, Attach. 1 at 3.

Also attached to the Response is a Declaration of Ms. Kelee Dell, a Trust Fund Program Specialist at the United States Department of Justice, Federal Bureau of Prisons, at the Federal Correctional Complex, Florence, Colorado. *Id.*, ECF No. 18-2, Attach. 2 at 2. Ms. Dell is responsible for the implementation, administration, and coordination of Trust Fund programs and operations at FCC Florence. *Id.* Ms. Dell attests that beginning in March 2007 inmates requiring a copy of their certified trust fund account statement for filing with the Court, in accordance with 28 U.S.C. § 1915, were required to request the statement from the Financial Management Department and not from their Unit Team. *Id.* at 3. Ms. Dell states she is responsible for processing these requests and Plaintiff has not made any requests through the Financial Management Department for a copy of his inmate account statement.
*Id.* at 4.

Plaintiff was given fourteen days to reply to the Warden's Response. He now has failed to reply within the time allowed. Plaintiff is not a stranger to this Court. Since October 2007, Plaintiff has filed at least forty-seven cases in this Court, including prisoner complaints and 28 U.S.C. § 2241 actions. In at least twenty-five of these

cases, Plaintiff first filed the action in a different federal district court. The district courts transferred the twenty-five cases to this Court because venue more properly lies in this Court. As early as 2007, Plaintiff was aware that a prisoner complaint challenging the conditions of his confinement at the federal prison in Florence, Colorado, should be filed in this Court. *See Young v. United States Dep't of Justice, et al.*, No. 07-cv-00857-ZLW (D. Colo. Aug. 2, 2007). Also, as early as 2010, Plaintiff was aware that any challenges to the execution of his sentence brought pursuant to 28 U.S.C. § 2241 should be initiated in this Court because he is housed in the State of Colorado. *See Young v. U.S.A.*, No. 10-cv-01208-ZLW (D. Colo. July 7, 2010).

Yet, Plaintiff continues to file complaints and habeas actions in other federal district courts even he remains housed at ADX in Florence, Colorado. His most recent filing in this Court, *Young v. FBI, et al.*, No. 14-cv-00986-BNB (D. Colo. Filed Apr. 7, 2014), was initiated in the United States District Court for the Southern District of Ohio. In the complaint, Plaintiff asks that the Southern District of Ohio file a "criminal civil rights complaint" against the FBI. He further states that the United States District Court for the District of Columbia refused to file this complaint and that the BOP stopped his psychotropic medication in retaliation for exercising his First Amendment rights. Plaintiff also asserts that the "FISA court" has interfered with his access to the courts for the last eight years. Nothing in this complaint indicates that the cause of action would be properly initiated in the Southern District of Ohio.

Overall, counting the complaints and habeas actions filed in all federal district courts, including those cases that are counted twice due to a transfer, 184 cases have been processed by the district courts on Plaintiff's behalf. *See* PACER (Public Access

to Court Electronic Records) (national index for United States district courts). Plaintiff also has filed ninety-eight appeals. *Id.* Only one of the cases initiated in or transferred to this Court proceeded past initial review and that case was dismissed in part for failure to state a claim and for failure to exhaust administrative remedies. *See Young v. Hood, et al.*, No. 04-cv-00589-REB-PAC (D. Colo. Feb. 16, 2005).

Plaintiff also is subject to filing restrictions under 28 U.S.C. § 1915(g). *See Young v. Bureau of Prisons, et al.*, No. 09-cv-01873-ZLW, ECF No. 2 (D. Colo. Nov. 4, 2009) (denied leave to proceed without payment of fee in full); *Young v. United States*, No. 08-cv-00032-ZLW, ECF No. 17 (D. Colo. Apr. 10, 2008) (denied leave to proceed *in forma pauperis* on appeal).

Finally, Plaintiff has been warned about his abusive litigation and the possibility of sanctions. *See Young v. U.S.A.*, No. 09-cv-02999-ZLW, ECF No. 6 (D. Colo. Mar. 1, 2010) (dismissed as malicious); *Young v. U.S.A.*, No. 08-cv-00226-ZLW, ECF No. 7 (D. Colo. Apr. 16, 2008).

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989)).

Specifically, injunctions restricting further filings are appropriate where the

> litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party. *See* Fed. R. Civ. P. 11(c). Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v.*

*Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

The Court has reviewed all the cases that Plaintiff has filed in this Court. *See* Appendix. Plaintiff has purposely filed lawsuits in other district courts knowing that venue is not proper. *Id.* He also has refused to comply with the BOP procedure for obtaining a certified copy of his account statement. *See Young v. Wiley*, No. 07-cv-02240-ZLW (D. Colo. Apr. 10, 2008) (civil complaint; first complaint that not able to obtain statement; warden stated that statements not provided by unit and has to obtain from financial management department, which plaintiff refuses to do; voluntary dismissal), *dismissed on appeal*, No. 08-1207 (10th Cir. Nov. 4, 2008) (failure to prosecute).

As stated above, Plaintiff complains again in this case that prison staff refuses to give him forms and account statements. Am. Compl., ECF No. 5. When the Court addressed this claim by directing the ADX Warden, or his designee, to submit a statement regarding the current procedure for prisoners to obtain forms and certified account statements, Plaintiff filed a Notice of Dismissal and now has declined the opportunity to reply to the Warden's Response. Based on the declarations provided by

Ms. Weise and Ms. Dell, Plaintiff's claim that BOP staff refuses to provide forms or account statements is incredible. Plaintiff had the opportunity to respond to Ms. Dell's declaration that the Financial Management Department has been responsible for inmate statement requests since 2007 and that he has not filed a request for a statement during this time, but he elected not to do so. Plaintiff also has not denied that he received Court-approved forms from Ms. Weise on March 19, 2014. Plaintiff's request to dismiss this action, when he was provided with Court-approved prisoner complaint and 28 U.S.C. § 1915 forms, and a certified account statement was filed on his behalf, indicates that he is engaging in abusive litigation and has no intent of prosecuting this action on the merits.

The Court, therefore, will direct Plaintiff to show cause why he should not be enjoined from filing future *pro se* actions in this Court that do not comply with the following filing restrictions. Along with any other sanction restricting Plaintiff's ability to file either a prisoner complaint or a 28 U.S.C. § 2241 action in this Court, including Plaintiff's filing restrictions pursuant to 28 U.S.C. § 1915(g), Plaintiff must:

1. File a motion titled, "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action;"

2. Attach to the Motion a copy of the injunction that imposes these recommended filing restrictions;

3. Attach to the Motion a completed Court-approved prisoner complaint or habeas form and either pay the $400 filing fee for a complaint or a $5 filing fee for a habeas, or in the alternative submit a request to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this Court and applicable to the action being filed, and attach a certified inmate account statement as required;

4. Attach a list of all prisoner complaints and § 2241 actions Plaintiff currently has pending or has filed in all federal district courts;

5. Attach a notarized affidavit that certifies Plaintiff has not presented the same claims in another federal district court, that the claims are not frivolous or taken in bad faith, that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay, and that the filling complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District Court for the District of Colorado.

This Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled. Fed. R. Civ. P. 11. Based on Plaintiff's continuing vexatious litigation, and the Court's need to deter repetition of his conduct, *see* Rule 11(c)(4), the Court will assess Plaintiff a $400 monetary sanction and strike the filings if he submits any future filings that do not comply with these restrictions. Any case transferred to this Court from another federal court because venue is proper in this Court also will be ordered stricken and a monetary sanction of $400 assessed against Plaintiff. Accordingly, it is

ORDERED that the Notice of Dismissal is effective as of March 11, 2014, the date Plaintiff filed the Notice in this action. It is

FURTHER ORDERED that Plaintiff show cause why the United States District Court for the District of Colorado should not enjoin him as set forth above. It is

FURTHER ORDERED that Plaintiff file a Response to this Order to Show Cause within thirty days of the date of the Order. It is

FURTHER ORDERED that if Plaintiff fails to respond within thirty days the Court will enter an order imposing the filing restrictions as set forth in this Order.

Dated: April 22, 2014

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

APPENDIX
List of Actions Filed Since October 2007

*Young v. FBI, et al.* , No. 14-cv-00986-BNB (D. Colo. Filed Apr. 7, 2014) (transferred from S.D. of Ohio);

*Young v. United States*, No. 13-cv-03235-LTB (D. Colo. Jan. 3, 2014) (civil complaint; transferred from E.D. Mich.; dismissed for failure to use forms and provide account statement);

*Young v. McDermott, et al.*, No. 13-cv-02960-LTB (D. Colo. Dec. 12, 2013) (civil complaint; dismissed for failure to use forms and provide statement);

*Young v. Fetteroff*, No. 13-cv-02115-LTB (Sept. 18, 2013) (civil complaint; dismissed for failure to use forms and provide statement);

*Young v. Berkebile*, No. 13-cv-2069-LTB (D. Colo. Sept. 16, 2013) (civil complaint; transfer from S.D. Ind.; dismissed for failure to use forms and provide statement);

*Young v. Berkebile*, No. 13-cv-02153-LTB (D. Colo. Sept, 12, 2013) (habeas; forms provided to plaintiff; no statement and voluntary dismissed);

*Young v. Berkebile*, No. 13-cv-01626-LTB (D. Colo. Aug. 7, 2013) (habeas; dismissed for failure to use forms and provide statement);

*Young v. USA*, No. 13-cv-01472-LTB (D. Colo. Aug. 5, 2013) (civil complaint; Transfer from S.D. Ind.; dismissed for failure to use forms and provide statement);

*Young v. Kuta, et al.*, No. 13-cv-01382-LTB (D. Colo. July 9, 2013) (civil complaint; dismissed for failure to use forms and provide statement);

*Young v. United States*, No. 13-cv-01337-LTB (D. Colo. June 27, 2013) (civil complaint; transferred from E. D. Mich.; dismissed for failure to use forms and provide statement);

*Young v. Berkebile*, No. 13-cv-01136-LTB (D. Colo. June 10, 2013) (habeas; dismissed for failure to use forms and provide statement);

*Young v. Foster*, No. 13-cv-00913-LTB (D. Colo. May 17, 2013) (civil complaint; transferred from S.D. Ill.; dismissed for failure to use forms and provide statement);

*Young v. USA*, No. 13-cv-00703-LTB (D. Colo. Apr. 25, 2013) (habeas; transferred from N.D. Cal.; construed as complaint and dismissed for failure to used forms and provide statement);

*Young v. Mitchell, et al.*, No. 13-626-LTB (D. Colo. Apr. 18, 2013) (civil complaint;

transferred from S. D. Ill.; dismissed for failure to use forms and provide statement)
*Young v. USA*, No. 13-cv-00586-LTB (D. Colo. Apr. 18, 2013) (civil complaint; transferred from N.D. Cal.; dismissed for failure to use forms and provide statement);

*Young v. Crank, et al.*, No. 13-cv-00455-LTB (D. Colo. Apr. 4, 2013) (habeas; Transferred from N.D. Tex.; construed as complaint and dismissed for failure to use forms);

*Young v. USA*, No. 13-cv-00430-LTB (D. Colo. Mar. 29, 2013) (habeas; transferred from N.D. Cali; dismissed for failure to use forms and provide statement);

*Young v. USA*, No. 12-cv-03287-LTB (D. Colo. Jan. 28, 2013) (civil complaint; transferred from N.D. Cal.; dismissed for failure to use forms and provide statement);

*Young v. USA*, No. 12-cv-02456-LTB (D. Colo. Nov. 1, 2012) (civil complaint; transferred from N.D. Cal.; file statement but dismissed for failure to use forms);

*Young v. Bureau of Prisons*, No. 12-cv-01540-LTB (D. Colo. July 27, 2012) (civil complaint; dismissed for failure to submit § 1915 motion or pay);

*Young v. Davis*, No. 11-cv-02443-LTB (D. Colo. Oct. 31, 2011) (construed as complaint; dismissed for failure to use forms);

*Young v. Bureau of Prisons, et al.*, No. 11-cv-01893-LTB (D. Colo. Sept. 7, 2011) (civil complaint; transferred from N.D. Cal.; dismissed for failure to use forms and provide statement);

*Young v. Bureau of Prisons*, No. 11-cv-01551-LTB (D. Colo. July 29, 2011) (habeas; transferred from S. D. Ind.; dismissed for failure to use forms);

*Young v. USA*, No. 11-cv-01365-LTB (D. Colo. July 12, 2011) (habeas; transferred from D. Conn.; dismissed for failure to use forms);

*Young v. Bureau of Prisons, et al.*, No. 11-cv-01219-LTB (D. Colo. June 17, 2011) (civil complaint; dismissed for failure to submit § 1915 motion or pay fee);

*Young v. USA*, No. 11-cv-01431-LTB (D. Colo. June 9, 2011) (habeas; transferred from D. Conn.; dismissed because opened in error);

*Young v. Bureau of Prisons, et al.*, No. 11-cv-00574-LTB (D. Colo. Apr. 20, 2011) (civil complaint; dismissed for failure to use forms);

*Young v. United States*, No. 10-cv-02209-ZLW (D. Colo. Nov. 3, 2010) (habeas; dismissed for failure to use forms (Court sent forms to Plaintiff);

*Young v. Madison, et al.*, No. 10-cv-02575-ZLW (D. Colo. Oct. 27, 2010) (civil complaint; transferred from E.D. N.Y.; dismissed because opened in error);

*Young v. U.S.A.*, No. 10-cv-01208-ZLW (D. Colo. July 7, 2010) (habeas; transferred from E. D. N.Y.; dismissed for failure to use forms);

*Young v. Madison, et al.*, No. 10-cv-00484-ZLW (D. Colo. Apr. 19, 2010) (civil complaint; transferred from E.D. N.Y.; dismissed for failure to use forms; notice of voluntary dismissal entered after dismissal);

*Young v. U.S.A.*, No. 10-cv-00458-ZLW (D. Colo. Apr. 14, 2010) (civil complaint; transferred from E.D. N.Y.; dismissed for failure to use forms; notice of voluntary dismissal entered after dismissal);

*Young v. U.S.A.*, No. 09-cv-02999-ZLW (D. Colo. Mar. 1, 2010) (civil complaint; transferred from N.D. Ill; sanction warning regarding purposeful filing of action in other state and not curing deficiencies), *dismissed on appeal*, No. 10-1077 (10th Cir. Apr. 22, 2010) (voluntary dismissal);

*Young v. Bureau of Prisons*, No. 09-cv-02849-ZLW (D. Colo. Feb. 9, 2010) (habeas construed as complaint; dismissed for failure to use forms; interlocutory appeal denied), *dismissed on appeal*, No. 10-1041 (10th Cir. Apr. 5, 2010) (failure to prosecute);

*Young v. United States, et al.*, No. 09-cv-02850-ZLW (D. Colo. Jan. 21, 2010) (dismissed for failure to provide statement; filed interlocutory appeal-denied), *dismissed on appeal*, No. 10-1021 (Mar. 16, 2011) ( failure to prosecute);

*Young v. Bureau of Prisons, et al.*, No. 09-cv-01873-ZLW (D. Colo. Nov. 4, 2009) (civil complaint; § 1915(g) restrictions imposed; dismissed for failure to pay fee in full), *dismissed on appeal*, No. 09-1513 (10th Cir. Feb. 8, 2010) (failure to prosecute);

*Young v. Bureau of Prisons*, No. 09-cv-01788-ZLW (D. Colo. Sept. 10, 2009) (habeas; dismissed for failure to provide statement);

*Young v. U.S.A.*, No. 09-cv-02004-ZLW (D. Colo. Aug. 24, 2009) (civil complaint; transferred from N.D. Cal.; voluntary dismissal);

*Young v. Bureau of Prisons*, No. 09-cv-01275-ZLW (D. Colo. July 16, 2009) (habeas: dismissed for failure to provide statement; claimed not provided), *aff'd*, No. 09-1320 (10th Cir. Mar. 3, 2010) (found no basis for claims that officials prevented him from obtaining account statement);

*Young v. Bureau of Prisons*, No. 09-cv-01456-ZLW (D. Colo. July 15, 2009) (habeas; dismissed for failure to provide statement; claimed not provided), *aff'd*, No. 09-1337 (10th Cir. Mar. 3, 2010) (found no basis for claims that officials prevented him from

obtaining account statement);

*Young v. Bureau of Prisons, et al.*, No. 09-cv-01168-ZLW (D. Colo. July 2, 2009) (civil complaint; dismissed for failure to used forms; filed interlocutory appeal denied), *dismissed on appeal*, No. 09-1288 (10th Cir. Sept. 8, 2009);

*Young v. Wiley*, No. 09-cv-00481-ZLW (D. Colo. Apr. 3, 2009) (habeas; directed to file on forms and provide statement; voluntarily dismissed claiming retaliation);

*Young v. Weinsheink, et al.*, No. 08-cv-01157-ZLW (D. Colo. July 17, 2008) (civil complaint; dismissed for failure to use forms);

*Young v. No Named Defendants*, No. 08-cv-00413-ZLW (D. Colo. Apr. 16, 2008) (civil complaint; told to cure and filed notice of voluntary dismissal; voluntary dismissal denied and dismissed as abusive and repetitive), dismissed on appeal, No. 09-1317 (10th Cir. Sept. 9, 2009) (failure to pay fee in full or show why provisions of PLRA do not apply);

*Young v. U.S.A.*, No. 08-cv-00226-ZLW (D. Colo. Apr. 16, 2008) (civil complaint; transferred from N.D. Cal.; dismissed as abusive as Plaintiff knows venue is improper in other court);

*Young v. U.S.A.*, No. 08-cv-00032-ZLW (D. Colo. Apr. 10, 2008) (civil complaint; transferred from N. D. Cal.; dismissed for failure to provide statement);

*Young v. Madison*, No. 08-cv-00412-ZLW (D. Colo. Apr. 10, 2008) (civil complaint; told to cure submitted voluntary dismissed);

*Young v. Wiley*, No. 07-cv-02240-ZLW (D. Colo. Apr. 10, 2008) (civil complaint; first complaint that not able to obtain statement; warden stated that statements not provided by unit and has to obtain from financial management department which plaintiff refuses to do; voluntary dismissal), *dismissed on appeal*, No. 08-1207 (10th Cir. Nov. 4, 2008) (failure to prosecute);

*Young v. Bureau of Prisons*, No. 08-cv-00182-ZLW (D. Colo. Mar. 3, 2008) (habeas; transferred from D. D.C.; dismissed as repetitious and frivolous), *dismissed on appeal* No. 09-1352 (10th Cir. Sept. 7, 2009) (failure to prosecute).