IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00073-LTB

TIMOTHY DOYLE YOUNG,

    Plaintiff

v.

UNITED STATES,

    Defendant.

---

## IMPOSITION OF FILING RESTRICTIONS

---

On April 22, 2014, the Court ordered Plaintiff, Timothy Doyle Young, to respond and show cause within thirty days why he should not be enjoined from proceeding as a plaintiff in an original proceeding, unless he submits a completed Court-approved prisoner complaint or habeas form and either pays the $400 filing fee for a complaint or a $5 filing fee for a habeas, or requests leave to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this Court and is applicable to the action being filed, and attaches a certified account statement. On May 21, 2014, Plaintiff filed a twenty-three page Response to the Order to Show Cause.

The Court has reviewed the Response. Plaintiff asserts that this Court, in particular Magistrate Judge Boyd N. Boland, has entered false orders, and has failed to provide him with Court forms and ignored his claims that prison staff members have denied him access to Court-approved forms and to prisoner account statements.

Plaintiff also contends that the entire Tenth Circuit has upheld Magistrate Judge Boland's actions and committed criminal conduct by violating the Judicial Conduct Act.

Plaintiff's Response to Show Cause includes conclusory and vague accusations that he is denied forms and account statements and refers to exhibits filed in his previous cases. No exhibits are attached to Plaintiff's Response. It is not the Court's responsibility to review each action Plaintiff has filed to find exhibits that may support his claims in his Response. Based on the following findings, Plaintiff fails to show cause why he should not be subject to filing restrictions based on the findings in the April 22, 2014 Order.

In support of the BOP's Response to Court Order, ECF No. 18, Amelia Weise declares that she gave Plaintiff a Prisoner Complaint form, instructions, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form on March 19, 2014. Resp. Decl., ECF No. 18-1, at 1. Plaintiff does not deny that he was given the forms on March 19, 2014, and even submits a § 1915 form as an exhibit to his Response to Show Cause, *see* ECF No. 23.

Plaintiff also does not deny Kelee Dell's Declaration, attached to the Response to Court Order, that she processes requests for inmate account statements, and Plaintiff never has requested a certified copy of his inmate account statements from her since January 2013, *see* ECF No. 18-2. The Court has reviewed the District of Colorado Docket and found that from January 2013 Plaintiff had nineteen cases that either he originally filed in this Court or had transferred to this Court based on venue. Plaintiff failed to submit a certified account statement in each of these cases when he was directed to do so. Furthermore, Plaintiff fails to provide any documentation that he

2

requested a prisoner account statement from the Financial Management Office, but was denied the statement.

Plaintiff is aware of the proper procedure he must follow to obtain a prisoner account statement, but he fails to comply.  On December 20, 2007, in *Young v. Wiley*, No. 07-cv-02240-ZLW, ECF No. 9 (D. Colo. Apr. 10, 2008), Deborah A. Locke, Senior Attorney Advisor for the BOP Federal Correctional Complex, submitted a declaration that stated Plaintiff is required to submit a request to the Financial Management Department for a certified account statement, and if he does he would be provided with two certified copies of the statement.  *Id.* at 4.  Plaintiff also is aware that if he desires additional copies of the statement he can make the copies himself if he has the ability to do so or request that an appropriate member of his Unit Team make the copies.  *Id.* at 3.  A copy of Ms. Locke's Declaration was mailed to Plaintiff by the United States Attorney's Office on December 20, 2007.  *Id.* at 5.  Kelee Dell has confirmed that the procedure has been the same since March 2007.  *See* Decl., ECF No. 18-2.

In this case, Plaintiff complained that prison staff refused to provide him with "forms" and an inmate account statement.  Compl., ECF No. 1, at 1.  He further gave the Court permission to obtain an account statement from the BOP.  *Id.* at 2.  The Court ordered the Clerk of the Court to send forms to Plaintiff and directed the Warden to provide an account statement to the Court.  Jan. 9, 2014 Ord., ECF No. 3, at 2-3.  The Court received the account statement on January 29, 2014, and court-approved forms were sent to Plaintiff by the Clerk of the Court on January 30, 2014.  Nonetheless, Plaintiff opted to voluntarily dismiss this action on March 11, 2014.  Notice, ECF No. 13.  Furthermore, even though Plaintiff was provided with Court-approved forms from the

Court on January 20, 2014, and from BOP staff on March 19, 2014, and he did not use the forms in this case, he elected not to use the forms in his possession when he filed a new action in this Court, Case No. 14-cv-01310, on May 9, 2014.

The Court finds that Plaintiff is an abusive litigant and his refusal to comply with the proper procedure to obtain prisoner account statements and to utilize Court-approved forms, even when he is provided with the forms, is abusive.  Plaintiff's actions demonstrate that he is more interested in opposing Court directives or BOP procedures than litigating his claims in this Court.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam).  "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."  *See Andrews v. Heaton,* 483 F,3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati*, 878 F.2d at 351.  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d 314, 315 (10th Cir. 1994).

Filing restrictions, therefore, are appropriate in this case, as provided for in *Tripati*, 878 F.2d at 351.  Plaintiff has a lengthy and abusive history, and the Court has

provided a guideline to him to obtain permission to file civil actions in this Court, of which he received notice and an opportunity to oppose before it is implemented. *Tripati*, 878 F.2d at 353-54.

Therefore, it is ORDERED that to obtain permission to proceed *pro se*, Plaintiff must take the following steps:

> 1. File a motion titled, "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action;"
>
> 2. Attach to the Motion a copy of the injunction that imposes these recommended filing restrictions;
>
> 3. Attach to the Motion a completed Court-approved prisoner complaint or habeas form and either pay the $400 filing fee for a complaint or a $5 filing fee for a habeas, or in the alternative submit a request to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this Court and applicable to the action being filed, and attach a certified inmate account statement as required;
>
> 4. Attach a list of all prisoner complaints and § 2241 actions Plaintiff currently has pending or has filed in all federal district courts;
>
> 5. Attach a notarized affidavit that certifies Plaintiff has not presented the same claims in another federal district court, that the claims are not frivolous or taken in bad faith, that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay, and that the filing complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District Court for the District of Colorado.

It is FURTHER ORDERED that this Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled. Fed. R. Civ. P. 11. Based on Plaintiff's continuing vexatious litigation, and the Court's need to deter repetition of his conduct, *see* Rule 11(c)(4), the Court will assess Plaintiff a $400 monetary sanction and strike the filings if he submits any future filings that do

5

not comply with these restrictions. It is

FURTHER ORDERED that any case transferred to this Court from another federal court because venue is proper in this Court also will be ordered stricken and a monetary sanction of $400 assessed against Plaintiff. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  13th  day of    June         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court